IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TIMOTHY WAND**,

    Plaintiff,

v.

**ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON and JOSEPH BACCELLIERI**,

    Defendants.

No. CV 10-29-PK

OPINION AND ORDER

**MOSMAN, J.**,

On December 1, 2010, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") (#43) in the above-captioned case recommending that I grant the Archbishop's Motion for Summary Judgment (#20). Timothy Wand timely filed objections (#45), and the Archbishop timely responded (#48).

### STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are

addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R.  28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Mr. Wand raises six objections to the F&R.  The first objection, that Mr. Wand did not dispute this court's jurisdiction, has no effect on the outcome so I do not address it here.  The second objection, whether Mr. Wand conceded or merely failed to dispute that notice was delivered to his parents is similarly irrelevant.  In light of the Archbishop's evidence, Mr. Wand was required to "come forward with specific facts showing that there is a *genuine issue for trial*."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotations omitted).

Mr. Wand's next objection argues that his request for an exemption from the claims bar date was not required to be brought by motion.  After the deadline for an act passes, this court may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).  Judge Papak correctly concluded that this requires a motion to be made, which Mr. Wand has not done.  Rather than make the motion and moot the point, Mr. Wand argues that the issue has been raised by a motion—the Archbishop's Motion for Summary Judgment.  The Federal Rules of Civil Procedure require a motion to "state with particularity the grounds for seeking the order; and state the relief sought."  Fed. R. Civ. P. 7(a)(1).  The Archbishop's Motion for Summary Judgment does not seek an order lifting the claims bar date or state that relief from the claims bar

date is sought, so it cannot be a valid motion for relief from the claims bar date. Because there has been no motion for relief from the claims bar date, Mr. Wand's remaining objections fail. I discuss below the further reasons those objections fail.

Mr. Wand's fourth objection also fails because he bears the burden of proving excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993). Mr. Wand bears the burden of showing that the claims bar date should be waived, which requires showing excusable neglect. Fed. R. Bankr. P. 9006(b)(1). Mr. Wand has failed to meet this burden, but instead argues that allowing his suit to go forward would further the policy goal of the bankruptcy code, which, he argues, is to redeem the debtor, rather than just the debtor's balance sheet. I reject this argument.

Mr. Wand's fifth objection is that the court should draw the reasonable inference that he did not receive actual notice of the claims bar date. Actual notice is not required for "claimants whose interests and whereabouts could not with due diligence be ascertained." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). Mr. Wand does not object to the finding that his interests and whereabouts could not with due diligence be ascertained, so no actual notice was required.

Mr. Wand's sixth objection is that his nominal defendant theory was wrongfully foreclosed. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted). The Archbishop has presented evidence showing that Mr. Wand's claim would not be covered by insurance during the relevant period. Mr. Wand has offered no counterevidence, but argues he is "entitled to an inference that the

insurance policies the Archdiocese has willfully refused to produce would be adverse to it." Objections 8. In light of the Archbishop's evidence, Mr. Wand has failed to "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita*, 475 U.S. at 587.

## CONCLUSION

Upon review, I ADOPT Judge Papak's F&R (#43) as my own and I GRANT the Archbishop's Motion for Summary Judgment (#20).

IT IS SO ORDERED.

DATED this  28th  day of January, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court